UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

MARLON JOE LEWIS,                                Civil No. 07-cv-2985 (MJD/FLN)

          Plaintiff,

v.                                                                    **REPORT AND RECOMMENDATION**

MARY HAUGEN, et al,

          Defendants.

_____

FRANKLIN L. NOEL, United States Magistrate Judge.

## I.  INTRODUCTION

This matter is before the undersigned United States Magistrate Judge pursuant to an assignment made in accordance with 28 U.S.C. § 636(b) and Local Rule 72.1. Before the Court is the United States' Motion for Substitution and Dismissal.  (Docket No. 8).  The United States is represented by Lonnie F. Bryan, Assistant United States Attorney.  Marlon Lewis, the plaintiff, was given until November 26, 2007 to respond to the Motion for Substitution and Dismissal (See Docket No. 15) but did not respond.  For the reasons which follow, the Court recommends that the United States' motion should be granted (Docket No. 8).

## II.  FACTUAL AND PROCEDURAL BACKGROUND

This action arises out of a Complaint filed by Marlon Joe Lewis, pro se, on June 21, 2007.  (Docket No. 1)  Although he filed his Complaint on a form used for filing a pro se civil rights complaint, Mr. Lewis did not allege a violation of a constitutional right.  He

appears to have intended to bring a claim under the Federal Tort Claims Act because he attached documents to his Complaint indicating that he exhausted his administrative remedies for a common law tort claim against Defendants.  Mr. Lewis alleges Defendants are responsible for the loss of his property while he was an inmate at the Federal Medical Center in Rochester, Minnesota.  Plaintiff seeks return of his property[1] or monetary damages.

The United States alleges that Defendants Mary Haugen, Guy Howell, Michael Eck, and Terrance Nelson are immune from liability because they are federal employees who acted within the scope of their employment at the time of the alleged tort, and the United States is the only proper defendant pursuant to 28 U.S.C. § 2679. The United States has submitted a Certification that Mary Haugen, Guy Howell, Michael Eck, and Terrance Nelson were acting in the scope of their employment as employees of the United States at the time of the conduct alleged in the Complaint.  (Memorandum in Support of Motion for Substitution and Dismissal, Doc. No. 9, Exhibit 1, Certification).

The United States has also submitted the Declarations of Mary Haugen, Guy Howell, Michael Eck, and Terrance Nelson.  (Doc. Nos. 10, 11, 12, 13).  Mary Haugen states that she has been a Unit Manager at FMC-Rochester since 1998.  Her responsibilities include supervising Case Managers, Correctional Counselors, and Unit Secretaries.  (Haugen Decl., ¶ 1, Docket No. 10).  She is responsible for overseeing programs and services provided to inmates assigned to the Mental Health and Work Cadre Units.  Id.  Mr. Lewis is a former inmate who, in July 2004, alleged his property

---

[1] A list of the alleged lost property is attached to the Complaint on a handwritten document entitled "Property Damages."

was seized by staff and placed in the basement of Building 1.  (Haugen Decl., ¶ 2).  Mr. Lewis alleged his property was never sent to him after he was released from FMC-Rochester in September 2004.  Id.  Ms. Haugen investigated Mr. Lewis' administrative claim regarding his lost property and found some of the items that he stated were lost, and she mailed those items to him.  Id. at ¶ 3.  In January 2007, Ms. Haugen responded to a letter from Mr. Lewis asking for additional property to be returned to him.  Id. at 4.  She told him that she searched the storage areas and could not find any more of the allegedly lost items.  Id.

In his Declaration, Guy Howell states that he has been employed as a Correctional Counselor at FMC-Rochester since April 1989.  (Howell Decl., ¶ 1, Docket No. 11).  His responsibilities include, but are not limited to, attending team evaluations for inmates, classification of inmates, contacting work supervisors regarding work performance, issuing legal mail, administrative remedy complaints, visiting, telephone, and counseling inmates.  Id.  Mr. Howell was Mr. Lewis' Correctional Counselor at the time of his release from FMC-Rochester.  Id. at ¶ 2.

Prior to Mr. Lewis' release, Mr. Howell spoke to him about the large amount of property he had because, due to the mode of transportation, it would not be possible to take everything with him when released.  Id. at ¶ 3.  While preparing an inventory for Mr. Lewis, Mr. Howell noticed that some of the books among his property were actually the property of FMC-Rochester.  Id.  He returned the institutional items to the appropriate departments.  Id.  Mr. Lewis left the remaining property behind when he was released with the understanding that it would be mailed to him when he requested it.  Id. at ¶ 4. After his release, Mr. Lewis sent postage and his forwarding address, and the

3

remainder of the property that was previously reviewed by Mr. Howell in Mr. Lewis' presence was forwarded to him.  Id.

Michael Eck states that he has been employed as a Senior Officer Specialist at FMC-Rochester since December 1991.  (Eck. Decl., ¶ 1, Docket No. 12).  His responsibilities include, but are not limited to, working in inmate living areas and providing correctional supervision, protection, control, and accountability of inmates.  Id. Mr. Eck states that he is aware of whom Mr. Lewis is, but he was not involved with his property, and he did not confiscate any property belonging to Mr. Lewis.  Id. at ¶ 3.

The United States submitted the Declaration of Terrance Nelson.  (Docket No. 13).  Mr. Nelson states that he has been a Correctional Counselor at FMC-Rochester since July 1991.  (Nelson Decl., ¶ 1).  His responsibilities include, but are not limited to, attending team evaluations for inmates, classification of inmates, contacting work supervisors regarding work performance, issuing legal mail, administrative remedy complaints, visiting, telephone, and counseling inmates.  Mr. Nelson states that he was not Mr. Lewis' Correctional Counselor during the period of time in question.  Id. at ¶ 2. He further states that he did not have any involvement with Mr. Lewis' property and did not confiscate any property belonging to him.  Id. at 3.

### III.  DISCUSSION

The Federal Tort Claims Act ("FTCA") permits those injured by the negligent acts of federal employees to seek redress in the courts by providing a limited waiver of the sovereign immunity of the United States.  Molzof v. United States, 502 U.S. 301, 304-05 (1992).  Specifically, the FTCA creates federal subject matter jurisdiction over civil actions against the United States for the negligent acts of federal government

4

employees while acting within the scope of their employment.  28 U.S.C. § 1346(b).

The FTCA provides the exclusive remedy for such injuries.  28 U.S.C. § 2679(b)(1);

Anthony v. Runyon, 76 F.3d 210, 212-13 (8th Cir. 1996).

If an action is commenced against an individual employee of a federal agency,

the Attorney General is charged with making the initial determination of whether that

employee was acting within the scope of his or her employment with respect to the

challenged conduct, and that substitution of the United States as a defendant is

appropriate.  28 U.S.C. § 2679(d)(1).  The Eighth Circuit requires judicial review of the

scope of employment certification before substituting the United States as the

defendant.  Forrest City Mach. Works, Inc. v. United States, 953 F.2d 1086, 1088 (8th

Cir. 1992) (quoting Brown v. Armstrong, 949 F.2d 1007, 1012 (8th Cir. 1991)).

Certification by the Attorney General is prima facie evidence that the challenged

conduct was within the scope of employment, and the plaintiff must allege specific facts

to rebut the certification.  Runyon, 76 F.3d at 214-15; McAdams v. Reno, 64 F.3d 1137,

1145 (8th Cir. 1995).

Plaintiff has not alleged any facts to rebut the Attorney General's certification that

Mary Haugen, Guy Howell, Michael Eck, and Terrance Nelson were acting within their

scopes of employment at the time when Mr. Lewis alleges that they confiscated or lost

his property.  Thus, the Attorney General's certification on the issue of scope of

employment is conclusive.  See Runyon, 76 F.3d at 215 (stating United States'

certification "carried the day" when plaintiff failed to offer any rebuttal evidence).

Pursuant to 28 U.S.C. § 2679(d)(1), the United States should be substituted as the

defendant in this matter.

5

## IV.  RECOMMENDATION

IT IS HEREBY RECOMMENDED THAT:

1.      the United States' Motion for Substitution and Dismissal (Docket No. 8) **be granted**;

2.      the United States **be substituted** as the sole defendant in this action.


DATED: April 16, 2008                          s/ *Franklin L. Noel*
                                               FRANKLIN L. NOEL
                                               United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 5, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3500 words.  A judge shall made a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.