UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

MARLON JOE LEWIS,                        Case No. CIV-07-2985 (MJD/FLN)

       Plaintiff,

               v.                        **REPORT AND RECOMMENDATION**

UNITED STATES OF AMERICA,

       Defendant.

---

Marlon Joe Lewis, *pro se*.

Assistant United States Attorney Lonnie F. Bryan, Esq., for the United States.

---

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's Complaint under the Federal Tort Claims Act and Defendant United States of America's Motion to Dismiss. It has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. Sec. 636 and Local Rule 72.1(c).

**I.    PROCEDURAL AND FACTUAL HISTORY**

Plaintiff Marlon Joe Lewis, proceeding *pro se*, filed a Complaint on June 21, 2007 alleging that employees of the Federal Medical Center in Rochester, Minnesota were responsible for the loss of property stored there while Lewis was an inmate. (Dkt. No. 1.) The property loss Plaintiff claims mainly consists of paper photocopies of various legal materials, academic books, and dictionaries.[1] He seeks return of his property or monetary damages. In July 2004, Plaintiff alleges, his property was seized by FMC-Rochester staff, placed in a basement area, and was

---

[1] An itemized list of the property is attached to the Complaint on a handwritten document entitled "Property Damages."

1

never sent to him after he was released from FMC-Rochester in September 2004. (Haugen Decl., ¶ 2.) Officials investigated Plaintiff Lewis's administrative claim regarding the property at issue, found some of the items he stated were lost, and mailed those items to his new address. *Id.* at ¶ 3. Plaintiff again wrote to FMC, asking for the remaining items to be sent to him. *Id.* at ¶ 4. However, after an FMC employee conducted an additional search, Plaintiff was informed in January 2007 that the remaining items could not be found. *Id.* After Plaintiff's administrative claims were denied with respect to the remaining property, Plaintiff filed the Complaint in this proceeding. (Letter from Rick Schott, Federal Bureau of Prisons North Central Regional Counsel, to Marlon Lewis (Jan. 11, 2007) (on file with the Court)[*hereinafter* "Schott Letter."])

Plaintiff's Complaint appeared to institute a tort action under the Federal Tort Claims Act, in part because Plaintiff attached documents indicating he had exhausted his administrative remedies for a tort claim. *See*, *for example*, Schott Letter (denying administrative claim under the Federal Tort Claims Act). The Federal Tort Claims Act ("FTCA") permits those injured by the negligent acts of federal employees to seek redress in the courts by providing a limited waiver of the sovereign immunity of the United States. *Molzof v. United States*, 502 U.S. 301, 304-05 (1992). Specifically, the FTCA creates federal subject matter jurisdiction over civil actions against the United States for the negligent acts of federal government employees while acting within the scope of their employment. 28 U.S.C. § 1346(b). The FTCA provides the exclusive remedy for such injuries. 28 U.S.C. § 2679(b)(1); *Anthony v. Runyon*, 76 F.3d 210, 212-13 (8th Cir. 1996). If an FTCA action is commenced against an individual employee of a federal agency (as was done here), the Attorney General is charged with making the initial determination of whether that employee was acting within the scope of his or her employment with respect to the challenged conduct, and whether substitution of the United States as a defendant is appropriate. 28 U.S.C. § 2679(d)(1). Certification by the Attorney General is prima facie evidence that the challenged conduct was within the scope of employment, and the plaintiff must allege specific facts to rebut the certification. *Runyon*, 76 F.3d at 214-15; *McAdams v. Reno*, 64 F.3d 1137, 1145

(8th Cir. 1995). Here, Plaintiff Lewis did not allege any facts to rebut the Attorney General's certification that original individual defendants Mary Haugen, Guy Howell, Michael Eck, and Terrance Nelson were acting within their scope of employment at the time Plaintiff Lewis alleges they confiscated or lost his property. In fact, Plaintiff Lewis did not file a response to the Government's Motion for Substitution, although he was afforded an opportunity to do so. (Order, October 24, 2007, Dkt. No. 15.) Thus, the Court found that the Attorney General's certification on the issue of scope of employment was conclusive and substituted the United States as the defendant pursuant to 28 U.S.C. § 2679(d)(1). (Report and Recommendation, April 16, 2008, at Dkt. No. 16; Order Adopting Report and Recommendation, May 22, 2008, at Dkt. No. 17.)

After the Report and Recommendation granting the substitution motion was issued and the statutory 13-day objection period had passed, the District Judge adopted the Report and Recommendation in a May 22, 2008 Order and entered Judgment granting the Government's Motion for Substitution and Dismissal of the four individual defendants. (Dkt. Nos. 17 and 18.) The Government, as the newly substituted defendant, then filed the instant Motion to Dismiss for lack of subject matter jurisdiction. (Dkt. No. 19.) The Court ordered Plaintiff to file a response by July 25, 2008, and subsequently extended the response deadline to August 25, 2008. (Order, June 23, 2008, Dkt. No. 22; Order, Aug. 5, 2008, Dkt. No. 24.) On August 25, 2008, Plaintiff Lewis filed a document which he entitled "Objections to Report and Recommendation" on August 25, 2008. (Dkt. No. 25.) Although named otherwise, as it was filed in response to the Government's Motion to Dismiss, the Court will treat Plaintiff's filing as the response to the Government's Motion to Dismiss ordered by the Court in June and August 2008.[2]

---

[2] To the extent the District Judge decides to construe the Plaintiff's purported "Objection to the Report and Recommendation" as an actual objection to the Report and Recommendation the Order of May 22, 2008 (Dkt. No. 18), the District Judge is of course free to proceed in the manner deemed most appropriate, including vacating the Order and considering the appeal of the Report and Recommendation as if the appeal had been timely filed.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides that a party may raise the defense of "lack of jurisdiction over the subject matter" in a motion prior to the filing of an answer to the complaint.  This sequencing is consistent with the core truth that "federal courts are not courts of general jurisdiction and have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Marine Equip. Mgmt. Co. v. United States*, 4 F.3d 643, 646 (8th Cir. 1993) (citing *Bender v. Williams-Port Area Sch. Dist.*, 475 U.S. 534, 541, (1986)).  A federal court, therefore, has a duty, in every case before it, to inquire whether the vital prerequisite of subject matter jurisdiction has been satisfied.  *See Bradley v. American Postal Workers Union, AFL-CIO*, 962 F.2d 800, 802 n. 3 (8th Cir. 1992); *Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991).  Moreover, as subject matter jurisdiction is a threshold consideration, a court has "broader power to decide its own right to hear the case than it has when the merits of the case are reached."  *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993).

In order to properly dismiss an action for want of subject matter jurisdiction, the challenging party must successfully attack the complaint, either upon its face or upon the factual truthfulness of its averments.  *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  In a facial challenge to jurisdiction, all of the factual allegations concerning the jurisdictional issue are presumed to be true, and the motion will be granted when the plaintiff fails to allege an essential element of subject matter jurisdiction.  *See Titus*, 4 F.3d 590 at 593; *Wittman v. United States*, 869 F.Supp. 726, 729 (E.D. Mo. 1994).

As a sovereign power, the United States may be sued only to the extent that it has consented to suit by statute.  *See United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 141 (1972).  The terms of any such consent define the extent of a plaintiff's rights and of the Court's jurisdiction to entertain an action.  *See Lehman v. Nakashian*, 453 U.S. 156, 160 (1981).  Therefore, in granting its consent to be sued, the United States may attach such conditions and limitations as it deems proper, and strict compliance

with those conditions is an absolute requirement.  *See Bellecourt*, 994 F.2d at 430.

Furthermore, a waiver of sovereign immunity "cannot be implied but must be unequivocally expressed."  *Mitchell*, 445 U.S. at 538 (quoting *United States v. King*, 395 U.S. 1, 4 (1969)); *Manypenny v. United States*, 948 F.2d 1057, 1063 (8th Cir. 1991).  A waiver of immunity, "if it exists at all, should be sought in the statute giving rise to a cause of action." *Murray v. United States*, 686 F.2d 1320, 1325 (8th Cir. 1982).  Accordingly, waivers of sovereign immunity are subject to strict construction.  *See Honda v. Clark*, 386 U.S. 484, 501 (1967); *United States v. New York Rayon Importing Co.*, 329 U.S. 654, 659 (1947).  As a consequence, in construing the terms and conditions of the Government's waiver of immunity from suit, "all doubts must be resolved in favor of the government."  *Palmer v. Gen. Svcs. Admin.*, 787 F.2d 300, 301 (8th Cir. 1986).

## III. ANALYSIS

The Federal Tort Claims Act is a limited waiver of sovereign immunity which requires compliance with the statutory conditions imposed by Congress.  *Bellecourt*, 994 F.2d at 430.  The FTCA, codified as Title 28 U.S.C. §§ 1346(b), 2671-2680, allows a party to maintain an action in federal court for money damages arising from a "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment ..." 28 U.S.C. § 1346(b).  To bring a tort claim against the United States under the FTCA, a claimant must first file an administrative claim with the appropriate federal agency within two years of the accrual of the claim, and then file a tort claim against the United States within six months after a denial of (or failure to act upon) that claim by the administrative agency.  *See* 28 U.S.C. §§ 2401(b), 2675.   Additionally, the FTCA requires that the named defendant in an FTCA action be the United States and only the United States.  *See* 28 U.S.C. §§ 1346(b), 2674, 2679(a); *Atorie Air, Inc. v. Federal Aviation Admin.*, 942 F.2d 954, 957 (5th Cir.1991) (noting that to sue successfully under the FTCA, a plaintiff must name the United States as the sole defendant). Although the FTCA is a statutory waiver of federal sovereign immunity, it

contains several exclusions that retain sovereign immunity in certain circumstances. 28 U.S.C. § 2680.  One such exclusion is § 2680(c), which excepts "Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods or merchandise by any officer of customs or excise or any other law enforcement officer." Title 28, U.S.C. § 2860(c).  To fall within the § 2860(c) exclusion, the Plaintiff's claim must have arisen from a "detention" "arising in respect of...any goods, merchandise or other property " by any "law enforcement officer," and the "detention" itself must have been of a kind envisioned by the Statute.  *See Farmer v. Jacobsen*, 1998 WL 957237 at *3 (D.Minn., November 30, 1998).  As discussed below, Plaintiff Lewis's claim meets these elements and is therefore barred by federal sovereign immunity and must be dismissed for lack of subject matter jurisdiction.

First, the Plaintiff's claim clearly arose out of a detention of property, satisfying the first two requirements of § 2860(c). *See Kosak v. United States*, 465 U.S. 848, 854 (1984)("...arising in respect of" the detention of goods means any claim "arising out of" the detention of goods, and includes a claim resulting from negligent handling or storage of detained property."); *see also Cheney v. United States*, 972 F.2d 247, 248 (8th Cir. 1992) (actions of a corrections officer who inventoried an inmate's property constitutes detention of property).  Second, having examined the Plaintiff's list of lost property, it is clear that the items at issue are "goods, merchandise, or other property" as envisioned by the statute. *See* Hernandez v. Hawks, 1995 WL 692982 *3 (D.Minn. Sept 28, 1995)(Goods or merchandise includes property of a personal nature including inmate's personal property.). Third, FMC-Rochester personnel are Federal Bureau of Prisons (BOP) employees, and thus qualify as "law enforcement officers" under the statute.  *Ali v. Federal Bureau of Prisons*, ___ U.S. ___, 128 S.Ct. 831, 831 (2008) (BOP officers are "law enforcement officers" as that term was used in provision of the FTCA; actions of these officers in allegedly mishandling an inmate's property fell within the FTCA's § 2680(c) exclusion.).  In *Ali*, where a federal inmate claimed that several items of his property were mishandled and lost during his transfer from one penal institution to another, the Supreme Court applied 28 U.S.C. § 2680(c)

and upheld the lower court's dismissal for lack of subject matter jurisdiction. *Id.* Lastly, Plaintiff's property was "detained" within the meaning of § 2680(c). *Id.* at n.3 ("detention" encompasses claims resulting from negligent handling or storage)(*citing Kosak v. United States*, 465 U.S. 848 (1984)) .

As analyzed above, the elements of the 28 U.S.C. § 2680(c) exclusion are satisfied here. As a result, the Court finds that sovereign immunity has not been waived for the instant tort action and the Government's Motion to Dismiss should be granted based on lack of subject matter jurisdiction.

Accordingly, based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED**.


DATED: October 15, 2008.

                   s/Franklin L. Noel
                 FRANKLIN L. NOEL
                 United States Magistrate Judge


Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **October 28, 2008**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **[same date as above]** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.